NO. 07-07-0345-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 6, 2009
_____

ROBERT BOWERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16650-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Robert Paul Bowers appeals from his conviction of the offense of indecency with a child and the resulting sentence of eighteen years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008), and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed

counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

In December 2004, appellant was indicted for the offense of indecency with a child.[1] He retained counsel. In July 2007, the matter proceeded to jury trial wherein the State presented evidence to show that in July 2004 eleven-year-old V.H. was staying overnight with other children in an apartment appellant also occupied with his wife. V.H., fourteen by the time of trial, testified that during the night she awoke to find appellant in the room, removing his hand from under her shorts. V.H. testified that after leaving the room briefly, appellant returned, lay down beside her and made V.H. wrap her hand around his penis. He then covered her hand with his and moved back and forth until another child in the room appeared to wake. When V.H. resisted his further attentions, appellant kissed her on the lips and left the room. V.H.'s aunt testified that several months later, while they were discussing V.H.'s upcoming birthday celebration, V.H. told her what appellant did to her. The aunt's testimony of V.H.'s statement to her was consistent with V.H.'s version of the events of the incident. Additional evidence, including a video-recorded interview of V.H.,[2] was introduced that was consistent with V.H.'s trial testimony.

---

[1] *See* Tex. Penal Code Ann. § 21.11 (Vernon 2001). The indictment alleged appellant, on or about July 15, 2004, intentionally and knowingly engaged in sexual contact with V.H., a child younger than 17 years of age and not then his spouse, by causing V.H. to touch his genitals. This is a second degree felony punishable by imprisonment for any term of not more than 20 years or less than two years. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[2] The recorded interview was admitted into evidence at trial without objection.

Appellant's statement to police was entered into evidence at trial. In that statement, appellant contends that on the night in question, he came into the bedroom where the girls were sleeping to check on them. According to appellant, V.H. woke up, reached out, and put her hand on his penis. He said he instantly pulled away and told her that her curiosity would get her into trouble and that she had a long life ahead of her that she did not want to ruin. He stated he left the room and went to bed by himself.

Following the presentation of the evidence, the jury found appellant guilty as charged in the indictment and sentenced him to imprisonment for a term of eighteen years. Appellant timely filed his notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated. The brief discusses the procedural history of the case and appellant's jury trial. Counsel has identified potential issues, and setting forth the applicable law, describes why the issues are not arguably meritorious. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and

motion to withdraw filed by his counsel. Appellant has filed a response in which he raises three issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In his brief, counsel first notes the possibility that appellant might argue he had received ineffective assistance of counsel in these proceedings. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (establishing standard for effective assistance of counsel). We agree with counsel that the record contains no support for such a contention.

Counsel then discusses the legal and factual sufficiency of the evidence presented at trial to support appellant's conviction for indecency with a child. Appellant raises the same in his response. Following an analysis of the evidence presented and the applicable law, counsel concludes the evidence presented was both legally and factually sufficient to support appellant's conviction. After a complete review of the record, we agree with appellate counsel that the grounds identified do not arguably support an appeal.

In his response, appellant raises a potential issue not raised by appellate counsel. Appellant contends the State engaged in improper jury argument during both phases of his trial. In discussing this issue, appellant's response points to the testimony of certain witnesses and contends the testimony was false. It is the province of the jury to resolve or reconcile conflicts in testimony, and the jury is privileged to believe all, some or none of the testimony of any particular witness. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex.Crim.App. 2000); *Washington v. State,* 215 S.W.3d 551, 553 (Tex.App.–Texarkana 2007, no pet.). Appellant's response also references the prosecutor's opening and closing arguments and asserts that the State utilized argument to place prejudicial matters that were outside the record before the jury. Appellant further argues that the State aroused passion and prejudices of the jury and invited speculation of the jury by making certain arguments. There are four generally recognized areas of proper jury argument: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex.Crim.App. 2000). After reviewing the record in its entirety, we do not find the grounds identified by appellant arguably support an appeal.

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. We agree it

5

presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion

to withdraw[3] and affirm the judgment of the trial court.


James T. Campbell
Justice



Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.